UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GERIALEAN COX, o/b/o B.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 2:14-cv-00461-SLB** |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff B.C., a minor child born in 2002, filed an application for supplemental security income ["SSI"] by and through her mother, Gerialean Cox, on November 22, 2010. Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on November 22, 2010. (R. 146.)[1] Her application was denied by the Social Security Administration ["SSA"], (R. 99), and plaintiff subsequently requested a hearing before an Administrative Law Judge ["ALJ"], which was held on August 8, 2012, (R. 48). After the hearing, the ALJ found that plaintiff was not disabled and denied plaintiff's request for SSI on September 21, 2012. (R. 43.)

---

[1] Reference to a document number, ("Doc.___"), refers to the number assigned to each document as it is filed in the court's record. References to page numbers in the Commissioner's record are set forth as ("R.___").

On November 14, 2012, plaintiff petitioned the Appeals Council ("AC") to review the ALJ's decision, (R. 19), and on January 15, 2014, the AC denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security. (R. 1.) Following denial of review by the AC, plaintiff filed an appeal in this court on March 17, 2014. (Doc. 1.)

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]; rather the court must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence is more than a scintilla and is such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "[N]o . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. <u>DISCUSSION</u>

#### A. THE THREE-STEP EVALUATION

The definition of child's SSI disability provides that a claimant under the age of eighteen shall be considered disabled if the claimant has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity." 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1 (the listings). The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled. 20 C.F.R. § 416.924. The specific steps in this evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b).[2] If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 416.924(b).

The ALJ found that plaintiff had not engaged in substantial gainful activity since November 10, 2010, the application date.[3] (R. 30.)

---

[2] The Regulations define "substantial gainful activity":

> (a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
>
> (c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572.

[3] While plaintiff's Application Summary for Supplemental Security Income states that plaintiff filed an application for SSI on November 22, 2010, (R. 146), the ALJ states that plaintiff filed her application on November 10, 2010, (R. 30). Nevertheless, this discrepancy is not material to the court's decision.

**2. Severe Impairments**

Second, the Commissioner must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.924(a). For an individual who has not attained the age of 18, a medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled.

The ALJ determined that plaintiff had the following severe impairments: "asthma, allergies, vitiligo, and molluscum contagiosum." (R. 30.)

**3. The Listings**

If a child claimant is not working and has a severe impairment, the Commissioner must determine if the child's impairments meet or medically equal an impairment in the listings. 20 C.F.R. § 416.924(a)-(d). If the child's impairments do not meet or medically equal a listed impairment, the Commissioner must then determine if the child's impairments are functionally equivalent in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926a(a). For the child's impairments to functionally equal a listed impairment, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). The Commissioner considers the child's functioning in terms of six domains: (1) acquiring and using information; (2)

attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A child has a "marked" limitation in a domain when her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities. A child's day-to-day functioning may be seriously limited when the impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. 20 C.F.R. § 416.926a(e)(2). A child has an "extreme" limitation in a domain when her impairment(s) interferes "very seriously" with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

The ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing or that functionally equaled a listing. (R. 31.)

**B. MS. COX'S CLAIMS**

Plaintiff argues that (1) the ALJ failed to fully and fairly develop the record, and (2) the AC erred in failing to remand this case for proper consideration of the opinion of Dr. Rosalyn L. Morgan, plaintiff's treating physician. (Doc. 11.) Upon reviewing the record and the parties' briefs, the court finds that the Commissioner's decision is due to be affirmed.

**1. ALJ's Duty to Develop the Record**

Plaintiff argues the ALJ failed to fulfill his duty to fully and fairly develop the record. (Doc. 11 at 6.) More specifically, plaintiff contends that the ALJ should have obtained the opinion of a treating or examining physician. (*Id*. at 8.) Additionally, because plaintiff was unrepresented at the hearing,[4] she argues that the ALJ was under a special duty to develop the record. (*Id.* at 7.)

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Id.* Additionally, even when a treating or examining physician submits an RFC assessment, the assessment is not entitled to special deference because the RFC determination is a finding reserved by the Commissioner. 20 C.F.R. § 416.927(d); *see also Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) ("The regulation in 20 C.F.R. § 404.1527 provides that although a claimant's physician may state he is 'disabled' or 'unable to work' the agency will nevertheless determine disability based upon the medical findings and other evidence.").

---

[4] Plaintiff's attorney withdrew representation in March 2012. (R. 51.)

The ALJ did not err in not further developing the record because the record contains sufficient evidence supporting the ALJ's disability determination. In a subsequent report by Dr. Morgan, included in the record after the ALJ's opinion was issued, Dr. Morgan opined that plaintiff had marked limitations in three domains: (1) attending and completing tasks, (2) moving about and manipulating objects, and (3) health and physical well-being. (R. 589-90.) Substantial evidence supports the ALJ's findings that plaintiff did not have marked limitations in the three domains, later noted by Dr. Morgan. Though plaintiff does have chronic asthma and various allergies, treatment notes show that medications taken in conjunction with these conditions were often effective in controlling her symptoms. (*See* R. 432, 518, 521, 529-30, 569-573.) Defendant also points out that the overwhelming majority of the treatment notes showed that plaintiff's lungs were clear. (*See* Doc. 13 at 7 (citing R. 35, 432, 438, 474, 476, 478, 515, 518, 521, 523, 528-530, 565, 569-573, 581)).

The reports from third grade teacher Ms. Benn and examining physician Dr. Lowery provide further evidence that plaintiff did not have marked limitations. Ms. Benn reported that plaintiff had either "no problem" or only a "slight problem" in every domain. (R. 188-94.) Dr. Lowery's testing revealed no signs of ADHD and no problems with plaintiff's attention, concentration, or focus. (R. 480-482, 487.) Additionally, state agency consultants Dr. Sullivan and Dr. Estock opined that plaintiff had less than marked limitations in acquiring and using information, interacting and relating with others, attending and

completing tasks, and health and physical well-being, and no limitations in the remaining two domains. (R. 507-509.)

The court finds no reversible error regarding the ALJ's decision not to further develop the record, as the record provides substantial evidence that plaintiff was not disabled.

**2. Evidence Submitted to the Appeals Council**

Plaintiff argues that the AC should have remanded this case for proper consideration of Dr. Morgan's opinion. Dr. Morgan, plaintiff's treating physician, completed a Broad Functional Limitations report, in which she noted that plaintiff had marked limitations in three domains: (1) attending and completing tasks, (2) moving about and manipulating objects, and (3) health and physical well-being. (R. 589-90.) Relying on the evidence of record, necessarily excluding Dr. Morgan's Broad Functional Limitations report, which had not yet been submitted, the ALJ found plaintiff had less than marked limitations in all domains.

First, plaintiff alleges the AC failed to show that it adequately evaluated the new evidence presented to the AC. (Doc. 11 at 10-11.) "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261

(11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)).[5] Here, the AC considered the new evidence plaintiff presented but denied review of the ALJ's decision stating, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusions is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the [ALJ's] decision." (R. 1-2.)

Plaintiff relies on *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), and *Flowers v. Comm'r of Soc Sec.*, 441 F. App'x 735 (11th Cir. 2011), to argue that the AC was required to explain its evaluation of the new evidence and that failure to do so presents grounds for remand. The *Epps* plaintiff submitted new evidence to the AC, and the AC granted review and affirmed the ALJ's decision. *Epps*, 624 F.2d at 1273. The Eleventh Circuit found that the AC had not adequately evaluated the new evidence, but rather had "perfunctorily adhered to the decision of the hearing examiner." *Id.* However, as the Commissioner notes, *Epps* is not binding in the context of a denial of review because in *Epps*, the AC granted review of the ALJ's decision and affirmed. (Doc. 13 at 13.) "When a claimant properly presents new evidence to the AC and it denies review, we essentially consider the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'"

---

[5] The language in 20 C.F.R. § 416.1470(b), applicable to SSI claims, is substantially identical to the language in 20 C.F.R. § 404.970(b).

*Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (quoting *Ingram*, 496 F.3d at 1262). Because the district court must evaluate a plaintiff's evidence anew, "the AC is not required to provide a thorough explanation when denying review." *Id.* The AC properly considered Dr. Morgan's report, and contrary to plaintiff's argument, was not required to thoroughly explain its rationale for denying review of the ALJ's decision.

Further, the AC did not err in failing to remand plaintiff's case based on the new evidence incorporated into the record. The new evidence consists of Dr. Morgan's opinion, indicated by checkmarks, of plaintiff's functional abilities in each of the six domains. (*See* R. 589-90.) Unlike in *Flowers*, where the additional evidence submitted to the AC included "an RFC assessment that was supported by significant clinical findings from three examinations performed by [a treating physician] over a ten-month period," 441 F. App'x at 746, in this case, the new evidence consists only of checkmarks without an explanation as to Dr. Morgan's opinions. *See Burgin*, 420 F. App'x at 903 (finding that "the AC was free to give little weight to the conclusory assertions contained in . . . questionnaires [completed by health care providers] because they merely consisted of items checked on a survey, with no supporting explanations").

Additionally, Dr. Morgan's treatment notes, which were submitted to the ALJ, largely do not support her findings. For example, on February 22, 2011, Dr. Morgan noted that plaintiff showed "no signs of ADHD," yet Dr. Morgan opined that plaintiff had marked limitations in attending and completing tasks. Furthermore, as defendant notes, the record

11

lacks any evidence supporting the conclusion that plaintiff had a marked limitation in moving about and manipulating objects. (Doc. 13 at 11-12.) The court finds that the AC properly determined that the new evidence did not render the ALJ's decision contrary to the weight of all the evidence currently of record.

Plaintiff also argues that "remand is warranted under [42] U.S.C. § 405(g) when a claimant establishe[s] that (1) there is new non-cumulative evidence; (2) the evidence is material because it is relevant and probative and there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level." (Doc. 11 at 12.) Plaintiff's argument refers to a sentence six remand, which applies only "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)) (internal quotations omitted). Because plaintiff presented the new evidence at issue to the AC, it was not "presented for the first time in the district court," and thus, sentence six of 42 U.S.C. § 405(g) does not apply.

### IV. CONCLUSION

Based on the reasons set forth above, the decision of the ALJ, as adopted by the Commissioner, denying plaintiff's claim for SSI is due to be affirmed. An Order affirming

the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

    **DONE** this 10th day of August, 2015.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE